IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HATTIE MOORE**                                                                                    **PLAINTIFF**

**v.**                                                                **CIVIL ACTION # 2:07cv182-KS-MTP**

**SOLAR GROUP**                                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. #59] (August 15, 2008) filed by Defendant Solar Group. Because Plaintiff Hattie Moore has failed to produce evidence creating a genuine issue of material fact in support of either of her claims, the motion for summary judgment should be **granted** and the case should be **dismissed with prejudice**.

## I. FACTUAL BACKGROUND

Hattie Moore was hired by Solar Group to be a material handler in January 2007. Def.'s Ex. B at 49 [Doc. #59-3] (August 15, 2008). Approximately two months later, Solar Group terminated Moore's employment. *See* Def.'s Ex. D at ¶ 5 [Doc. #59-4] (August 15, 2008); Pl.'s Ex. C at 11-12 [Doc. #66-4] (August 26, 2008). Moore, who is black, has brought suit contending that she was terminated due to her race in violation of Title VII of the Civil Rights Act of 1964. Pl.'s Amend. Comp. at ¶ 6 [Doc. #24] (December 5, 2007). In addition, Moore contends that the Solar Group production supervisor who fired her, Jimmy Dykes, intentionally inflicted emotional distress upon Moore in violation of Mississippi law. Pl.'s Ex. C at 4; Pl.'s Amend. Comp. at ¶ 7.

In support of these claims Moore has offered evidence concerning the events that transpired at the time of her termination. At her deposition, Moore testified that on her last day of work, Dykes asked her to come over to speak with him. Def.'s Ex. B at 57. Moore testified that as she approached Dykes, he quickly "zig-zagged" the light from a small flashlight across her face. *Id.* at 62. Moore testified that this physically hurt her by causing her to have a burning sensation in her eye. *Id.* at 64-65. Moore testified that Dykes then stated, "I'm going to have [to] ask you to leave because I'm going to give Patricia this job." *Id.* at 57. Patricia Prince is a white woman who was employed at Solar Group at the time. Pl.'s Ex. C at 26. Moore testified that Dykes then personally escorted her off the premises. *See id.* at 57-59. Moore testified that she felt Dykes tried to scare her while escorting her because he was riding closely behind her on a tricycle. *Id.* Moore testified that she "was walking real fast" because she "didn't want him to hit me." *Id.* at 59. Moore testified that she has had to seek counseling because she is having nightmares and insomnia stemming from the humiliation caused by Dykes and Solar Group. Pl.'s Ex. B at 107 [Doc. #66-3] (August 26, 2008).

## II. STANDARD OF REVIEW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or

nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."

*Little*, 37 F.3d at 1075.

## III. APPLICATION AND ANALYSIS

### A. Title VII

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "Where, as here, the plaintiff does not produce any direct evidence of discrimination, [courts] apply the well-known *McDonnell-Douglas* burden-shifting framework." *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "[T]he Supreme Court has allocated the burden of production in Title VII cases." *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001).

> [T]he plaintiff must first demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic.

*Burrell*, 482 F.3d at 411-412.

"In order to show a prima facie case of discriminatory discharge, a plaintiff must first establish that she (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for her position; and (4) was replaced by someone outside of the protected class." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007); *accord Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). Here, the Court will

assume *arguendo* that Moore has established a prima facie case of discriminatory discharge.

Solar Group has articulated a legitimate, non-discriminatory reason for its decision to terminate Moore's employment. Namely, all three of Moore's direct supervisors have declared under penalty of perjury that Moore's work was unsatisfactory. Def.'s Ex. D at ¶ 4; Def.'s Ex. E at ¶ 4 [Doc. #59-4] (August 15, 2008); Def.'s Ex. F at ¶ 4 [Doc. #59-4] (August 15, 2008). Moreover, Solar Group has submitted evidence that Dykes made the decision to terminate Moore's employment based on the supervisors' recommendation. *Id.*; Pl.'s Ex. C at 12.

Moore argues that her former supervisors' declarations do not enable Solar Group to meet its burden because they "were obviously prepared by Defendant's attorneys." Pl.'s Br. at 5 [Doc. #67] (August 26, 2008). This argument is inapposite, however, as Solar Group's burden is one of production, not of persuasion. *Burell*, 482 F.3d at 412. The similarities between the supervisors' declarations may ultimately affect their credibility, but the declarations remain competent evidence. Accordingly, the Court finds that Solar Group has met its burden of articulating a legitimate, non-discriminatory reason for terminating Moore's employment.

Accordingly, Moore has the burden of producing evidence that Solar Group's articulated reason is a pretext or that her race was a "motivating factor" in the decision to terminate her employment. Moore, however, has failed to offer any such evidence. Critically, there is no evidence in the record that Moore's race was taken into account when she was terminated.[1]

---

[1] Although Moore denies her supervisors' claims that she could not satisfactorily perform the jobs assigned to her, *see* Def.'s Ex. B at 55-56, the Court does not find her denial to be sufficient to constitute proof of pretext or mixed motive. *See generally St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993) ("[i]t is not enough . . . to *dis* believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination."); *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) ("even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason. We do not try in

Dykes' actions – in flashing a light in Moore's face and trailing her closely on his tricycle – however bizarre, do not even raise an inference of racial discrimination. Moore has not demonstrated how these actions could properly be construed as evidence of racial animus.

Furthermore, the fact that Dykes identified the employee who would replace Moore is similarly lacking in probative value. The mere act of stating the identity of the replacement to the person being terminated does not – by itself – constitute evidence of discrimination merely because the replacement is of a different race. Here, Dykes did not refer to the replacement's race or otherwise indicate that race was a factor in his decision. As a result, the Court concludes that it does not support a finding of pretext or ulterior motive.

In sum, the record evidence falls dramatically short of what is needed to survive a motion for summary judgment. While Moore correctly notes that factual controversies must be resolved in her favor, an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. Here, the Court finds no actual controversy as to any material fact underlying Moore's Title VII claim. As a result, Solar Group is entitled to judgment as a matter of law on this claim.

### B. Intentional Infliction of Emotional Distress

"Meeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkins v. Grenada*, 813 F. Supp. 443, 446 (N.D.Miss. 1993). Such claims will be successful only if the underlying conduct "evoke[s] outrage or revulsion." *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048 (Miss. 2007). The conduct must go

---

court the validity of good faith beliefs as to an employee's competence. Motive is the issue."). This is especially true because Moore concedes that she has no reason to believe her supervisors hold racially discriminatory views toward her. Def.'s Ex. B at 53-54.

"beyond all possible bounds of decency." *Funderburk v. Johnson*, 935 So. 2d 1084, 1099 (Miss. Ct. App. 2006). "The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." RESTATEMENT (SECOND) OF TORTS § 46 comment (d) (1965).[2] "[I]t is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress." *Jones*, 959 So. 2d at 1048 (quoting *Smith v. Malouf*, 722 So. 2d 490, 497 (Miss. 1998)).

Here, Moore contends that by shining a small flashlight across her face and then following closely behind her on a bicycle, Dykes intentionally inflicted emotion distress upon her. The Court concludes that no reasonable juror could find that these acts satisfy the high standard required by Mississippi law. Moore's allegations of her pain and suffering are of no moment, as the Court considers the nature of Dykes' acts only. Although Dykes' actions *may* have been insulting and offensive to Moore's dignity, they certainly did not exceed "all possible bounds of decency." Having found no genuine issue of material fact, the Court holds that Solar Group is entitled to judgment as a matter of law concerning Moore's state law claim.

## IV. CONCLUSION

For the foregoing reasons, the Court finds no genuine issues of fact and holds that Plaintiff's claims fail as a matter of law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for

---

[2] "[T]he Supreme Court of Mississippi and federal courts sitting in diversity jurisdiction in the Magnolia state on intentional infliction of emotional distress claims consistently [consider] whether a plaintiff satisfies the requisite elements set forth in the Restatement (Second) of Torts." *Jenkins*, 813 F. Supp. at 446.

summary judgment [Doc. #59] is **granted** and the case is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED on this, the 23rd day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE